JS 44 CAND (Rev 12/11)

3-12 CV 370 MES
ADR ECF

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

JULIAN CARROLL, On behalf of himself and all others similarly situated

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
REGINALD TERRELL, THE TERRELL LAW GROUP
P. O. BOX 13315, PMB #148, Oakland CA 94661 510-237-9700

**DEFENDANTS**

FACEBOOK, INC., a Delaware Corporation

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC Sections 2511, 2701 and 1030
Brief description of cause:
Privacy violation

**VII. REQUESTED IN COMPLAINT:**

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE                          DOCKET NUMBER

**IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)**
*(Place an "X" in One Box Only)*
☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE   ☐ EUREKA

DATE 01/24/2012                     SIGNATURE OF ATTORNEY OF RECORD

1  REGINALD TERRELL
2  THE TERRELL LAW GROUP
   P. O. BOX 13315, PMB #148
3  Oakland, CA 94661
   Telephone: (510) 237-9700
4  Facsimile: (510) 237-4616
5  Email: reggiet2@aol.com

6  *Counsel for the Proposed Classes*
7



8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11 JULIAN CARROLL, On behalf of himself |   Civil Action No.  **C12-00370**
12 and all others similarly situated,   |
                                        |
13            Plaintiff,                |   **CLASS ACTION COMPLAINT**
                                        |
14                                      |   1.  Violation of 18 U.S.C. Section 2511
   V.                                   |   2.  Violation of 18 U.S.C. Section 2701
15                                      |   3.  Violation of 18 U.S.C. Section 1030
16 FACEBOOK, INC., a Delaware           |
   Corporation                         |
17            Defendant.               |
   _____    |   **DEMAND FOR JURY TRIAL**
18

19     Plaintiff Julian Carroll ("Carroll" or "Plaintiff'), by and through her attorney, brings this

20 action, on behalf of herself and all others similarly situated, against Defendant Facebook, Inc.

21 ("Facebook" or "Defendant"), and, except for information based on his own personal knowledge,

22 alleges, on information and belief based on the investigation conducted by his counsel, and the

23 facts that are a matter of public record, as follows:

24                           **NATURE OF THE ACTION**

25

26     1. Plaintiff brings this action individually and on behalf of a proposed class ("class"), as

27 more fully defined below, of similarly situated individuals who had active Facebook accounts

28 from May 27, 2010 through and including September 26, 2011 and whose privacy was violated.

CLASS ACTION COMPLAINT                                                               1

2. Facebook routinely installs small files called cookies on its users' computers. Facebook cookies store login ID's, confirm a user is logged in and track when a user is interacting with Facebook Platform applications and websites. Facebook obtained consent from its users to install these cookies but the consent required Facebook to delete these cookies upon logging out. Facebook repeatedly assured users that "When you log out of Facebook, we remove the cookies that identify your particular account."

3. On September 26, 2011, however, Facebook publically admitted it has installed cookies on users' computers that track the internet activity of users even after they have logged off of Facebook. This admission case only after an Australian technology blogger exposed Facebook's practice of monitoring members who have logged out, although he brought the problems to defendant's attention a year ago.

4. On September 28, 2011, U. S. Representative Edward Markey and U.S. Representative Joe Barton, Co-Chairmen of the Congressional Bi-Partisan Privacy Caucus, submitted a joint letter to the Chairman of the Federal Trade Commission stating "as co-Chairs of the Congressional Bi-Partisan Privacy Caucus, we believe that tracking user behavior without their consent or knowledge raises serious privacy concerns." The letter continues that "when users log out of Facebook, they are under the expectation that Facebook is no longer monitoring their activities. We believe this impression should be the reality. Facebook users should not be tracked without their permission."

5. Facebook willful and knowing actions violated the Federal Wiretap Act, the Stored Electronic Communications Act and the Federal Computer Fraud and Abuse Act. Plaintiff Carroll seeks damages and injunctive relief under these statutes on behalf of the entire class for these violations.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Facebook because Facebook is headquarted in this district.

7. This Court has subject matter jurisdiction over this action and Facebook pursuant to 28 U.S.C. Section 1331 because this action arises under federal statutes, namely the Federal Wiretap Act, 18 U.S.C. Section 2511 and the Stored Electronic Communication Act, 18 U.S.C. Section 2701 and the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030 and pursuant to28 U.S.C. Section 1332(d) because the amount in controversy exceeds $5,000,000.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that Plaintiff resides in this district, many of the acts and the transactions giving rise to this action occurred in this district and because Defendant is headquartered in this District. Additionally, defendants Statement of Rights and Responsibilities, which governs the relationship between it and its users, provides for exclusive venue in state and or federal courts located in Santa Clara County, California.

## THE PARTIES

9. Plaintiff is, and at all times relevant to this action has been, a resident of Oakland, California, which is situated in this district. As such, Plaintiff is a California citizen. Carroll has had an active Facebook account during the entire Class Period.

10. Defendant Facebook is a Delaware corporation and has a principal place of business at 156 University Avenue, Palo Alto, California 94301.

## FACTUAL BACKGROUND

11. Facebook is the largest social networking website in the world with more than 800 million users globally and over 100 million users in the United States.

12.  Though Facebook members are not required to pay a subscription fee, membership is not free.  Instead, membership is conditioned upon users providing sensitive personal information to Facebook upon registration, including name, birth date, gender and email address.  More importantly, use of Facebook is conditioned upon the user accepting numerous Facebook cookies on the user's computer which tracks the member's browsing history.  This information, including the member's unique Facebook identifier, is then harvested by Facebook from the user's computer.   Facebook uses the information to generate revenue for the company.

13.  Use of Facebook is governed by the Statement of Rights and Responsibilities and a number of other documents and policies, including a Data Use Policy and a Privacy Policy.  Although the governing documents make clear that users consent to Facebook installing cookies on the user's computer, and although the users consent to these cookies tracking and transmitting to Facebook data regarding each user's web browsing such consent was limited to internet usage while the user is logged onto Facebook.  Users do not consent to having records of their web browsing tracked after logging out of Facebook.

14.  On Facebook's online help center, Facebook emphasized, "When you log out of Facebook, we remove the cookies that identify your particular account."

15.  In 2010, an Australian blogger named Kik Cubrilovic ("Cubrilovic") discovered Facebook cookies were tracking user's internet usage even after logging out of Facebook, without the knowledge or consent of the user.

16.  Cubriolovic's investigation revealed five cookies retained value even after logout and a browser restart, while two additional cookies survived logout and remain as session cookies.

17. The five cookies persisted after logout and a browser restart are datr, lu, p, L and act. The two that persist after logout are a_user and a_xs. Cubrilovic reported that the most important of these cookies is a_user, which is the user's identification. In short, Cubrilovic established Facebook was in fact secretly tracking its user's web browsing without their knowledge or consent even after logout.

18. Cubrilovic repeatedly contacted Facebook to report his findings and to get them to fix the problem. They refused.

19. On September 25, 2011 Cubrilovic went public with his findings. He reported that; "Even if you are logged out, Facebook still knows and can track every page you visit." He explained "this is not what "logout" is supposed to mean – Facebook are only altering the state of the cookies instead of removing all of them when a user logs out."

20. Facebook's response was immediate. On September 26, 2011, its engineer Gregg Stefancik thanked Cubrilovic "for raising these important issues and admitted Facebook had not done as good a job as we could have to explain its cookie practices. Your post presents a great opportunity for us to fix that."

21. Facebook also fixed the a_user cookie, admitting to Cubrilovic, "There is a bug where a_user was not cleared on logout. We will be fixing that today."

22. On September 28, 2011, U. S. Representative Edward Markey and U.S. Representative Joe Barton, Co-Chairmen of the Congressional Bi-Partisan Privacy Caucus, wrote a letter to the Chairman of the Federal Trade Commission stating "as co-Chairs of the Congressional Bi-Partisan Privacy Caucus, we believe that tracking user behavior without their consent or knowledge raises serious privacy concerns." The letter continues that "when users log out of Facebook, they are under the expectation that Facebook is no longer monitoring their

activities. We believe this impression should be the reality. Facebook users should not be tracked without their permission." The letter is attached to this complaint as Exhibit A.

23. On September 29, 2011, the Electronic Information Privacy Information Center submitted a letter to the FT citing Cubrilovic's post. The letter state "Facebook's tracking of post-log-out internet activity violates both the reasonable expectations of consumers and the company's own privacy statements" and that "Facebook has been engaging in post-log-out tracking for at least a year." The letter was also signed by the American Civil Liberties Union, the America Library Association, the Bill of Rights Defense Committee, the Center for Digital Democracy, the Center for Media and Democracy, Consumer Action, Consumer Watchdog, Privacy Activism and Privacy Times.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this suit as a class action, on behalf of himself and on behalf of other similarly situated, pursuant to Fed.R.Civ.P.23(a), 23(b)(2), and/or 23(b)(3). Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the class may be expanded or narrowed. The proposed class is defined as follows:

> Class: All persons in California who had active Facebook accounts
>
> and duded Facebook between May 27, 2011 and September 26,
>
> 2011, both dates inclusive, and whose privacy was violated by
>
> Facebook.

25. Excluded from the class are: (1) Defendant, Defendant's subsidiaries, affiliates, officers, directors, assigns and successors, and any entity in which Defendant has a controlling interest and; (2) the judge to whom this case is assigned and any member of the judge's

immediate family. Plaintiff reserves the right to modify the class definition as further

investigation and/or discovery so warrant.

26. This action has been brought and may properly be maintained as a class action

pursuant to Fed.R.Civ.P. 23 and case law thereunder.

27.    **Numerosity:** The class members are so numerous that joinder of all members is

impracticable. Plaintiff reasonably believes that the class is comprised of tens of thousands of

consumers in California.

28.    **Commonality:** Common questions of law and fact exist as to all class members.

These common questions predominate over any questions affecting only individual class

members. These common legal and factual questions include, but are not limited to, the

following:

> (a)    whether Facebook violated Federal Wiretap Action, 18 U.S.C. Section
>
> 2511;
>
> (b)    whether Facebook violated Federal Wiretap Action, 18 U.S.C. Section
>
> 2701;
>
> (c)    whether Facebook violated Federal Computer Fraud & Abuse Act, 18
>
> U.S.C. Section 1030;
>
> (d)    whether Plaintiff and class members have sustained monetary
>
> loss and the proper measure of that loss; and
>
> (e)    whether Plaintiff and class members are entitled to declaratory
>
> and injunctive relief.

29. These and other questions of law or fact which are common to the members

8 of the class predominate over any questions affecting only individual members of

---

CLASS ACTION COMPLAINT                                                                7

9 the class.

30. **Typicality:** Plaintiff's claims are typical of the claims of the members of the class, as all class members are similarly affected by Defendant's wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all class members.

31. **Adequacy:** Plaintiff's claims are made in a representative capacity on behalf of the other class members. Plaintiff has no interests antagonistic to the interests of the other members of the proposed class and is subject to no unique defenses.

32. Plaintiff is similarly situated in interest to all members of the proposed class and is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative of the proposed class and will fairly and adequately protect the interests of the class.

33. This suit may be maintained as a class action under Fed.R.Civ.P. 23(b) (2) because Defendant has acted, and/or refused to act, on grounds generally applicable to the class, thereby making appropriate final injunctive relief.

34. In addition, this suit may be maintained as a class action under Fed.R.Civ.P. 23(b) (3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for class members individually to redress effectively the wrongs done to them. Even if the class members could

afford such litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents no management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

35.  The nature of notice to the proposed class is contemplated to be by direct mail upon certification of the class or, if such notice is not practicable, by the best notice practicable under the circumstance including, *inter alia,* publication in major newspapers and on the internet.

### FIRST CAUSE OF ACTION
**(Violations of the Stored Electronic Communications Act
18 U.S.C. Section 2701)**

36.  Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

37.  The Federal Wiretap Act, as amended by the Electronic Communications Privacy Act of 1986, prohibits the willful interception of any wire, oral or electronic communication.

38.  18 USC Section 2520(a) provides a private right of action to any person whose wire, oral or electronic communication is intercepted.

39.  Facebook placed cookies on its user's computers that intercepted records of Facebook users' internet communications even after the user has logged out.

40.  Neither the Plaintiffs nor members of the Class consented to nor were aware that the Defendant was violating its own privacy policy and tracking its users' internet use after logging off Facebook.

41. The data intercepted by the Defendants' cookies after the user logged off are "communications" within the meaning of the Wiretap Act.

42. Facebook intentionally and willfully placed the cookies on its user's computers and thus intentionally and willfully intercepted the electronic communications of its users.

43. Plaintiffs are persons whose electronic communications were intercepted within the meaning of Section 2520.

44. Section 2520 provides for preliminary, equitable and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, reasonable attorneys' fees, and disgorgement of any profits earned by Defendant as a result of the above-described violations.

### SECOND CAUSE OF ACTION
### (VIOLATION OF THE STORED ELECTRONIC COMMUNICATIONS ACT, 18 U.S.C. §2701)

Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

45. Plaintiffs incorporate the above allegations by reference as if set forth more fully herein.

46. The Stored Electronic Communications Act ("SECA") provides a cause of action against a person who intentionally access without authorization a facility through which an electronic communication service is provided, or who intentionally exceeds an authorization to access that facility, and thereby obtains, alters or prevents authorized access to a wire or electronic communication while it is in storage in such a system.

47. "Electronic Storage" is defined in the statute to be "any temporary, immediate storage of a wire or electronic communication incidental to the electronic transmission thereof."

48. Facebook intentionally placed cookies on its members' computers that accessed members' stored electronic communications without authorization, thus violated SECA.

49. Plaintiffs and other members of the Class were harmed by Defendant's violations, and are entitled to statutory, actual and compensatory damages, injunctive relief, punitive damages and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE COMPUTERR FRAUD AND ABUSE ACT
## 18 U.S.C. § 1030)

50. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

51. Plaintiffs incorporate the above allegations by reference as if set forth more fully herein.

52. Defendants intentionally accessed a computer used for interstate commerce or communication, without authorization or by exceeding authorized access to such a computer, and by obtaining from such a protected computer.

53. Defendant's knowingly causing the transmission of a program, information, code or command and as a result caused a loss to one or more persons during any one-year period of at least $5,000 in the aggregate.

54. Plaintiffs have also suffered a violation of the right of privacy as a result of Defendant's knowing actions.

55. Defendant has thus violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

56. Defendant's unlawful access to Plaintiff's computers and communications has caused irreparable injury. Unless restrained and enjoined, Defendant may continue to commit

such acts.  Plaintiff's remedies at law are not adequate to compensate for these inflicted and threatened injuries, entitling Plaintiff and the class to remedies including injunctive relief as provided by 18 U.S.C. Section 1030(g).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all class members defined herein, prays for judgment as follows:

Certification of the class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the class and her counsel as class counsel;

Permanently restrain defendant, and its officers, agents, servants, employees and attorneys, from installing coolies on its users' computers that could track the users' computer usage after logging out of Facebook or otherwise violating its polices with users

Compensatory and other damages for economic and non-economic damages identified herein;

Statutory pre-judgment and post-judgment interest on any amounts;

Reasonable attorneys· fees as may be allowable under applicable law;

Costs of this suit; and

Such other relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Respectfully submitted,

Dated: January 24, 2012

THE TERRELL LAW GROUP

REGINALD TERRELL, ESQ.

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone:  (510) 237-9700
Facsimile:   (510) 237-4616

Exhibit A

NATURAL RESOURCES
RANKING DEMOCRAT

ENERGY AND COMMERCE

7TH DISTRICT, MASSACHUSETTS

WASHINGTON, DC 20515-2107
(202) 225-2836

DISTRICT OFFICES:

5 HIGH STREET, SUITE 101
MEDFORD, MA 02155
(781) 396-2900

188 CONCORD STREET, SUITE 102
FRAMINGHAM, MA 01702
(508) 875-2900

http://markey.house.gov

# Congress of the United States

## House of Representatives
### Washington, DC 20515-2107

September 28, 2011

The Honorable Jon Leibowitz
Chairman
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20001

Dear Chairman Leibowitz:

According to findings recently published by an Australian technology blogger, Facebook had been gathering information about the websites its users visited even after users logged out of Facebook. While Facebook now claims that it has stopped this practice, we remain concerned about the privacy implications for Facebook's 800 million subscribers.

As you know, websites, including Facebook, routinely install small files called "cookies" on users' computers to relieve users from enduring extra authentication steps every time they visit the website. Cookies also allow websites to track their users' activities while online. However, in this instance, Facebook has admitted to collecting information about its users even *after its users had logged out of Facebook*. Facebook was able to obtain this information when users visited websites that connect with Facebook, including websites with "Like" buttons. There are an estimated 905,000 sites that contain the "Like" button.

As co-Chairs of the Congressional Bi-Partisan Privacy Caucus, we believe that tracking user behavior without their consent or knowledge raises serious privacy concerns. When users log out of Facebook, they are under the expectation that Facebook is no longer monitoring their activities. We believe this impression should be the reality. Facebook users should not be tracked without their permission.

We also are concerned about how quickly Facebook plans to correct this problem. According to the Wall Street Journal ("Facebook Defends Getting Data From Logged-Out Users", September 26, 2011), Arturo Bejar, Facebook Director of Engineering, is quoted as saying that fully correcting this problem "will take a while." Facebook should consider this problem a top priority and should allocate the resources necessary to safeguard consumers in an expedited fashion.

In an effort to protect consumers, we would like to know about any actions the Federal Trade Commission (FTC) has taken or plans to take to investigate this practice by Facebook. We believe that an investigation of Facebook tracking its users even after they log out falls within the FTC's mandate as stipulated in Section 5 of the Federal Trade Commission Act with respect to protecting Americans from "unfair and deceptive acts or practices."

Thank you for your attention to this important matter. If you have any questions, please have a member of your staff contact Joseph Wender in Congressman Markey's office (202-225-2836) or Emmanual Guillory in Congressman Barton's office (202-225-2002).

Sincerely,

Edward Markey
Co-Chairman
Congressional Bi-Partisan Privacy Caucus

Joe Barton
Co-Chairman
Congressional Bi-Partisan Privacy Caucus